JDG:NR
F# 2014R00763

**14 MISC 955**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
:
IN THE MATTER OF AN APPLICATION    :   SEALED AFFIRMATION
OF THE UNITED STATES OF AMERICA    :   AND EX PARTE APPLICATION
FOR AN EX PARTE ORDER AUTHORIZING  :
THE DISCLOSURE OF NEW YORK STATE   :
TAX RECORDS.                       :
:
- - - - - - - - - - - - - - - - X

   NATHAN REILLY, pursuant to Title 28, United States Code, Section 1746, affirms as follows:

   1. I am an Assistant United States Attorney in the United States Attorney's Office for the Eastern District of New York (the "USAO-EDNY"). In that capacity, I am one of the Assistant United States Attorneys responsible for the federal prosecution of Michael Grimm. On April 25, 2014, a federal grand jury returned a twenty-count indictment against Grimm (the "Indictment") alleging charges relating to his involvement in the day-to-day operations of Granny Sayz, LLC, which did business as "Healthalicious," a restaurant located at 1594 Second Avenue, New York, New York. Grimm is charged variously with: (a) conspiring to defraud the United States of payroll tax revenue in violation of Title 18, United States Code, Section 371; (b) mail and wire fraud in connection with a scheme to reduce Healthalicious' New York State sales tax obligations through filings made with the New York State Department of Taxation

and Finance ("NYSDTF"), in violation of Title 18, United States Code, Sections 1341 and 1343, respectively; (c) health care fraud in connection with the delivery of and payment for health care benefits, items and services provided to Healthalicious by the New York State Insurance Fund ("NYSIF"), in violation of Title 18, United States Code, Section 1347; (d) obstructing an official proceeding and committing perjury in connection with a federal civil lawsuit relating to Healthalicious, in violation Title 18, United States Code, Sections 1512(c)(2) and 1623, respectively; (e) aiding and assisting in the preparation of false federal tax returns, in violation of Title 26, United States Code, Section 7206(2); (f) obstructing and impeding the due administration of the internal revenue laws, in violation of Title 26, United States Code, Section 7212(a); and (g) engaging in a pattern and practice of unlawfully employing unauthorized aliens, in violation of Title 8, United States Code, Sections 1324(a)(2), 1324a(a)(1)(A) and 1324a(f)(1). See United States v. Michael Grimm, 14 CR 248 (PKC). A copy of the Indictment is attached to this application as Exhibit A.

2. I make this ex parte Affirmation in support of the Application of the United States Attorney for the Eastern District of New York for an order for tax returns and other information maintained by NYSDTF, pursuant to Articles 13, 22, and 28 of the New York State Tax Law. This Affirmation and Application are made

2

pursuant to the All Writs Act, Title 28, United States Code, Section 1651; Rule 17(c) of the Federal Rules of Criminal Procedure; and the Court's inherent power, for an Order directing NYSDTF to disclose to Loretta E. Lynch, United States Attorney for the Eastern District of New York, and her designated representatives, the books and records described below (the "Requested Records"):

For the period of January 1, 2007 through the present, all documents, books, records, and/or files maintained by NYSDTF, either in paper or electronic format, relating or pertaining to "Michael G. Grimm" with a Social Security Number ending in "4848," and an address of "50 Borman Avenue, Staten Island, New York 10314," including, but not limited to, the records described below:

   a. Certified copies of all New York State personal income tax returns and accompanying documents and related information, as well as electronic transcripts or summaries of such tax returns maintained in any NYSDTF database, that were filed by or on behalf of Michael Grimm;

   b. Certified copies of all New York State personal income tax returns and accompanying documents and related information, as well as electronic transcripts or summaries of such tax returns maintained in any NYSDTF database, that were filed by or on behalf of any dependent reported on any of Michael Grimm's New York State personal income tax returns, including, but not limited to, "Deborah Grimm" with a Social Security Number ending in "3501";

   c. Certified copies of all New York State tax returns and related documents, including but not limited to corporate franchise tax returns, withholding tax

3

returns and sales tax returns, relating and pertaining to any entity owned or controlled by Michael Grimm; and

  d. Certified copies of all tax refund checks (front and back) or other payments disbursed to or received from the taxpayers described in paragraphs a through c above, as well as records concerning any audits, investigations, administrative proceedings, assessments, tax warrants, correspondence, collection activities, and any other records that describe communication between NYSDTF and the taxpayers and the taxpayers' representatives listed in paragraphs a through c above.

  3. On March 17, 2014, the government sought and obtained a sealed order, issued by the Honorable Viktor V. Pohorelsky, United States Magistrate Judge, directing NYTSDTF to disclose tax information relating to Healthalicious to the USAO-EDNY (see 14 MISC 307)(the "March 17, 2014 Hampers Application and Order").[1] A copy of that prior application and order is attached to this application as Exhibit B.

  4. Further, as noted above (see ¶ 1), a federal grand jury sitting in the Eastern District of New York has found that probable cause exists to believe that Michael Grimm has committed violations of the federal crimes identified above in paragraph 1.

---

[1] The March 17, 2014 Hampers Application and Order and materials provided by NYSDTF pursuant thereto, have been unsealed and provided to Grimm in discovery in the criminal case described in paragraph 1, pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

For the reasons set forth below, there is reasonable cause to believe that the Requested Records will be probative to the subject of the government's investigation and prosecution of Grimm. Among other things, as set forth in the Indictment, there is probable cause to believe that Grimm caused false sales figures to be reported on the U.S. Return on Partnership Income, Internal Revenue Service ("IRS") Forms 1065 filed by Healthalicious with the IRS for the tax years 2008 through 2010 (the "Forms 1065").

5. I have also reviewed copies of the U.S. Individual Income Tax Return IRS Forms 1040 filed by Grimm with the IRS for the tax years 2008 through 2010 (the "Forms 1040"). Grimm reported income from Healthalicious for each of those tax years on the Forms 1040 that corresponded to the materially false Healthalicious sales figures reported on the Forms 1065 filed on behalf of Healthalicious. In connection with this investigation, federal law enforcement agents have interviewed Grimm's personal accountant (the "Personal Accountant"). The Personal Accountant has informed agents, in sum and substance and in part, that the s/he prepared the Forms 1040 on Grimm's behalf and that Grimm provided the Personal Accountant with the information s/he used to prepare the Forms 1040. The Personal Accountant also prepared Grimm's New York State personal income tax returns filed with NYSDTF based on information provided to the Personal Accountant by Grimm. Additionally, I have reviewed e-mails

5

between Grimm and the Personal Accountant in which Grimm provided information to the Personal Accountant for inclusion in Grimm's personal income tax filings.

6. Based on Grimm's reporting of materially false information relating to Healthalicious' sales in the Forms 1040, there is reasonable cause to believe that his New York State personal income tax returns will similarly include the fraudulent Healthalicious sales figures. Accordingly, such returns would be probative of Grimm's knowledge and intent with respect to crimes charged in the Indictment.

7. Additionally, in the Form 1040 filed by Grimm for tax year 2012 (the "2012 Form 1040"), Grimm claimed his sister, Deborah Grimm, as a dependent for federal income tax purposes. Federal law enforcement agents interviewed Deborah Grimm in 2014, subsequent to the filing of the 2012 Form 1040. During that interview, Deborah Grimm stated, in sum and substance and in part, that she was not aware that Michael Grimm had claimed her as a dependent in the 2012 Form 1040.

8. The USAO-EDNY seeks to review the Requested Records in order to advance the investigation of Michael Grimm. As discussed above, there is reasonable cause to believe that the amount of Healthalicious-related income Grimm declared in his New York State personal income tax returns will be probative of whether Grimm

committed the violations of the federal mail and wire fraud statutes and of the internal revenue laws charged in the Indictment. Additionally, there is reasonable cause to believe that information contained in Grimm's New York State personal income tax returns and the income tax returns of his claimed dependents would provide evidence of Grimm's true federal and state personal tax liability and provide further evidence of material misstatements made by Grimm to federal and state authorities.

9. The USAO-EDNY has been informed by NYSDTF that, as a result of New York State law protecting the privacy of tax return information, NYSDTF is not permitted to comply with a subpoena calling for the production of New York State tax returns and related information, such as records relating to inquiries regarding tax refunds, unless compelled to do so by court order. Such an order compelling the disclosure of tax return information has been held to be appropriate when: (a) there is reasonable cause to believe specific criminal acts have been committed; (b) there is reasonable cause to believe that the return information may be probative of a matter at issue; and (c) the disclosure is sought solely for use in a federal criminal investigation and cannot reasonably be obtained under the circumstances from any other source (collectively, the "Hampers factors"). See In re Hampers, 651 F.2d 19 (1st Cir. 1981) (creating balancing test between state privacy rules for tax returns

7

and federal grand jury subpoenas and holding that, although state law barred the disclosure of state tax records to federal grand jury, federal court would grant such records only the same limited immunity that Congress had afforded federal tax records sought by a federal grand jury). In addition, in previous similar requests from the USAO-EDNY, NYSDTF has agreed to provide the requested returns upon service of an order of this Court.

10. The Requested Records are sought exclusively for use in investigating and prosecuting the federal criminal violations described herein and any other federal criminal violations that are discovered during the course of the investigation. United States Attorney Loretta E. Lynch, James G. McGovern, Chief, Criminal Division, Elizabeth J. Kramer, Deputy Chief, Criminal Division, Daniel S. Silver, Deputy Chief, Criminal Division, James D. Gatta, Chief, Public Integrity Section, Paul Tuchmann, Deputy Chief, Public Integrity Section, Daniel A. Spector, Deputy Chief, Public Integrity Section, Anthony M. Capozzolo, Assistant United States Attorney, and I are engaged in the investigation and prosecution of these criminal acts. No disclosure will be made to any other person, except in accordance with the provisions of Title 26, United States Code, Section 6103 and applicable regulations. See 26 U.S.C. § 6103(i)(1)(B)(iii).

11. As indicated below, this Application is authorized by Loretta E. Lynch, United States Attorney for the Eastern District of New York. See 26 U.S.C. § 6103(i)(1)(B).

12. Accordingly, the USAO-EDNY respectfully requests that the Court order NYSDTF to provide the USAO-EDNY with the Requested Records. Applying the Hampers factors, it is apparent that: (a) there is reasonable cause to believe that Michael Grimm committed the crimes charged in the Indictment; (b) there is reasonable cause to believe that the Requested Records sought are probative of those crimes; and (c) the Requested Records are sought solely for the basis of a federal criminal investigation and the information contained therein cannot be obtained from other sources.

13. The USAO-EDNY has been working on this investigation with, among other agencies and offices, the FBI and the IRS. Based on my conversations with Associate Attorney Robert B. Eisman, NYSDTF, I represent that NYSDTF has requested that the USAO-EDNY obtain the order sought in this Application so that NYSDTF can share information subject to tax secrecy with the USAO-EDNY and that NYSDTF does not oppose the Order sought by the USAO-EDNY in this application.

14. In addition, because the materials sought in this Affirmation and Application are intended for use in an ongoing criminal investigation, the USAO-EDNY respectfully requests that this Affirmation and Application, as well as any order issued by the

9

Court, be sealed until further order of the Court, except that copies of this Affirmation and Application and any Order issued by the Court may be retained by the USAO-EDNY and the investigating agency or agencies involved, and a copy of the Order may be served upon NYSDTF. See United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988) (identifying protection of secrecy of Grand Jury matters and ongoing criminal investigation as compelling interest that can outweigh public's qualified right of access to judicial documents).

15. As described herein, the USAO-EDNY made an application for and the Court entered the March 17, 2014 Hampers Order authorizing NYSDTF to provide the USAO-EDNY with certain New York State tax documents relating to Healthalicious. The USAO-EDNY has made no other request seeking the relief sought herein.

WHEREFORE, the USAO-EDNY respectfully requests that this Court grant this Application and that the Court's Order, this Affirmation and Application and the minutes of any and all

proceedings in connection herewith be sealed and impounded by the Clerk of this Court.

Respectfully Submitted,

_____
Nathan Reilly
Assistant United States Attorney
Telephone: (718) 254-6196

Dated:   Brooklyn, New York
         August \\, 2014

Pursuant to Title 26, United States Code, Section 6103(i)(1)(B), as amended, I hereby authorize the within application.

_____
LORETTA E. LYNCH
United States Attorney

Dated:   Brooklyn, New York          BY:_____
         August \\, 2014             ACTING UNITED STATES ATTORNEY
                                     PURSUANT TO 28 C.F.R. 0.136

11

JDG:NR
F# 2014R00763

**14 MISC 955**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
:
IN THE MATTER OF AN APPLICATION :   EX PARTE SEALED ORDER
OF THE UNITED STATES OF AMERICA :
FOR AN EX PARTE ORDER AUTHORIZING :
THE DISCLOSURE OF NEW YORK STATE :
TAX RECORDS.                     :
:
:
- - - - - - - - - - - - - - - - X

Upon the ex parte application (the "Application") of LORETTA E. LYNCH, the United States Attorney for the Eastern District of New York, by Nathan Reilly, Assistant United States Attorney, for an ex parte order, pursuant to New York State Tax Law; the All Writs Act, Title 28, United States Code, Section 1651; Rule 17(c) of the Federal Rules of Criminal Procedure; and the Court's inherent power to disclose to the said United States Attorney and her authorized representatives, returns and return information (including taxpayer return information and other than taxpayer return information) including correspondence and all other related return information requested in the Application;

IT IS HEREBY DETERMINED THAT:

1. There is reasonable cause to believe, based on information believed to be reliable, that specific federal criminal acts have been committed, namely, violations of Title 18, United

States Code, Sections 371, 1341, 1343, 1347, 1512(c)(2) and 1623; Title 26, United States Code, Sections 7206(2) and 7212(a); and Title 8, United States Code, Sections 1324(a)(2), 1324a(a)(1)(A) and 1324a(f)(1);

2. There is reasonable cause to believe that the returns and return information sought in the Application are or may be relevant to matters relating to the commission of such criminal acts; and

3. The information sought to be disclosed cannot reasonably be obtained under the circumstances from any other source and, notwithstanding any other possible alternative availability, the information sought would be probative evidence; and

IT IS FURTHER DETERMINED that United States Attorney Loretta E. Lynch, James G. McGovern, Chief, Criminal Division, Elizabeth J. Kramer, Deputy Chief, Criminal Division, Daniel S. Silver, Deputy Chief, Criminal Division, James D. Gatta, Chief, Public Integrity Section, Paul Tuchmann, Deputy Chief, Public Integrity Section, Daniel A. Spector, Deputy Chief, Public Integrity Section, Anthony M. Capozzolo and Nathan Reilly, Assistant United States Attorneys, are employees of the United States Department of Justice and are engaged in, and the information sought is exclusively for their use in, the investigation and prosecution of the above-mentioned federal criminal acts, and that the Application is

authorized by Loretta E. Lynch, United States Attorney for the Eastern District of New York;

Now, therefore,

IT IS HEREBY ORDERED that the New York State Department of Taxation and Finance ("NYSDTF"):

a. disclose certain tax returns and return information sought in the Application, specifically, the items described below (the "Requested Records"):

For the period of January 1, 2007 through the present, all documents, books, records, and/or files maintained by the New York State Department of Taxation and Finance ("NYSDTF"), either in paper or electronic format, relating or pertaining to "Michael G. Grimm," with a Social Security Number ending in "4848" and an address of "50 Borman Avenue, Staten Island, New York 10314," including, but not limited to, the records described below:

    i. Certified copies of all New York State personal income tax returns and accompanying documents and related information, as well as electronic transcripts or summaries of such tax returns maintained in any NYSDTF database, that were filed by or on behalf of Michael Grimm;

    ii. Certified copies of all New York State personal income tax returns and accompanying documents and related information, as well as electronic transcripts or summaries of such tax returns maintained in any NYSDTF database, that were filed by or on behalf of any dependent reported on any of Michael Grimm's New York State personal income tax returns, including, but not limited to,

3

        Deborah Grimm, with a Social Security Number ending in "3501";

iii. Certified copies of all New York State tax returns and related documents, including but not limited to corporate franchise tax returns, withholding tax returns and sales tax returns, relating and pertaining to any entity owned or controlled by Michael Grimm; and

iv. Certified copies of all tax refund checks (front and back) or other payments disbursed to or received from the taxpayers described in paragraphs i through iii above, as well as records concerning any audits, investigations, administrative proceedings, assessments, tax warrants, correspondence, collection activities, and any other records that describe communication between NYSDTF and the taxpayers and the taxpayers' representatives listed in paragraphs i through iii above.

    b. Where the Requested Records in the Application have not been filed, certify that no such Requested Records have been filed or are on file;

    c. Disclose the Requested Records and/or make such certification to United States Attorney Loretta E. Lynch, James G. McGovern, Chief, Criminal Division, Elizabeth J. Kramer, Deputy Chief, Criminal Division, Daniel S. Silver, Deputy Chief, Criminal Division, James D. Gatta, Chief, Public Integrity Section, Paul Tuchmann, Deputy Chief, Public Integrity Section, Daniel A. Spector, Deputy Chief, Public Integrity Section, Anthony M. Capozzolo and Nathan Reilly, Assistant United States Attorneys, and any attorney

4

of the United States Department of Justice who may be subsequently assigned to this investigation; and

   d. Disclose no tax returns or return information not described above.

  IT IS FURTHER ORDERED that the applicant, and the above-named employees of the United States Department of Justice and any attorney of the United States Department of Justice who may be subsequently assigned to this investigation shall use the Requested Records information solely in investigating and prosecuting the above violation of those and other federal criminal statutes as are discovered during the course of the investigation and prosecution, and that no disclosure be made except in accordance with the provisions of Title 26, United States Code, Section 6103 and applicable regulations; and

  IT IS FURTHER ORDERED that two certified copies of this Order may be provided to the United States Attorney and may be served on NYSDTF, and that this Order, the Sealed Affirmation and Application of Nathan Reilly Assistant United States Attorney, in

5

support thereof, and all proceedings heretofore had herein, shall otherwise be and hereby are sealed.

Dated:   Brooklyn, New York
         August 11, 2014

                                    s/Viktor V. Pohorelsky
                                    THE HONORABLE VIKTOR V. POHORELSKY
                                    UNITED STATES MAGISTRATE JUDGE
                                    EASTERN DISTRICT OF NEW YORK